No. 46,888

In the Matter of the Estate of H. B. Heilig, Deceased. Henry Davis, as Executor of the Will and Estate of Amanda B. Davis, *Appellant,* v. Marcella D. Davis Rodgers, *Appellee.*

(506 P. 2d 1147)

Opinion filed March 3, 1973.

*Robert L. Howard,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause and *Morgan Wright,* Larned, was with him on the brief for appellant.

*Louis James,* Larned, argued the cause and was on the brief for appellee.

*Per Curiam:* This is an appeal from an order of the district court of Pawnee county, Kansas, overruling appellant's motion for summary judgment and sustaining appellee's motion for judgment on the pleadings, thus admitting to probate an instrument entitled Second Codicil to Last Will and Testament of H. B. Heilig.

H. B. Heilig executed his last will and testament on January 13, 1964. He thereafter executed three codicils to that will, the first on October 25, 1966, the second on July 15, 1967, and the third on January 18, 1969. Each codicil commenced with the statement that it was a codicil to the testator's last will and testament of January 13, 1964. The paragraph designated "I" of each codicil then contained a statement of reaffirmation, republication and ratification of the previous instruments but in this paragraph of the third codicil there was no mention of the second codicil of July 15, 1967.

The Pawnee county probate court admitted the will and all three codicils to probate. Appellant appealed to the district court, contending that the second codicil had been revoked by the third. Appellee's motion for judgment on the pleadings was sustained by the district court. Appellant has appealed that ruling to this court.

"A codicil is a supplement or postscript to a will. . . . It is part of it, to be construed with it as one instrument. . . . In this state the word 'will' includes codicils." (1 Bartlett, Kansas Probate Law and Practice, Sec. 351, p. 401.)

K. S. A. 59-610 provides only two situations for automatic revocation of a will: (1) If a testator marries and has a child, by birth

or adoption, and (2) If the testator is divorced the provisions of the will favoring the divorced spouse are revoked.

K. S. A. 59-611, after excepting the provisions of K. S. A. 59-610, states:

"[N]o will in writing shall be revoked or altered otherwise than by some other will in writing; or by some other writing of the testator declaring such revocation or alteration and executed with the same formalities with which the will itself was required by law to be executed . . ."

This court has said:

"Statutory provisions for revocation of wills are mandatory. They must be strictly construed. A will can be revoked only in the manner provided by statute." (*In re Estate of Grisell,* 176 Kan. 209, 212, 270 P. 2d 285.)

There are no conflicts or inconsistencies between the provisions of the second and third codicils of the Heilig will. They deal with separate unrelated matters and different persons.

The testator's failure to mention the second codicil in writing the third does not effect a revocation of the second codicil.

Judgment is affirmed.